# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3485 | **DATE** | 1/23/2004 |
| **CASE TITLE** | Directv vs. Bazzoli, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants Calabrese and Crump's motions [26-1] and [28-1] to dismiss Counts III and V are granted. Defendants Calabrese and Crump are dismissed from this action without prejudice and plaintiff may file and serve separate lawsuit naming them as defendants within 14 days of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 26 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 1/23/2004 date mailed notice | |
| MD | courtroom deputy's initials | '04 JAN 24 AM 5:55 Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DIRECTV, INC.,

    Plaintiff,

CURTIS BAZZOLI, et al.,

    Defendants.

Case No. 03 C 3485
Judge Joan Humphrey Lefkow

## MEMORANDUM OPINION AND ORDER

Plaintiff Directv, Inc. ("Directv"), a direct broadcast satellite television system, has filed a five-count complaint against defendants for allegedly purchasing by mail and possessing and/or using equipment capable of receiving and decrypting Directv's satellite broadcast signal without permission from or payment to Directv. Count III of the complaint alleges that defendants violated provisions of 18 U.S.C. § 2512 and is brought under 18 U.S.C. § 2520. Count V of the complaint alleges common-law conversion. Defendants Innocenzo Calabrese and Rudolph Crump (hereinafter "defendants") now move to dismiss Counts III and V. For the reasons stated below, the court grants the motions.

### Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

1

Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

## Discussion

### 1. Private Right of Action under 18 U.S.C. § 2512

Count III seeks to recover damages for alleged violations of 18 U.S.C. § 2512(1)(b). This section provides that a person commits a federal crime if he intentionally

> manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reasons to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications . . . ."

Directv also alleges in Count II that the defendants actually intercepted Directv's communications in violation of 18 U.S.C. § 2511. Accordingly, Count III constitutes an independent cause of action only if Directv can recover for the defendant's mere possession (or manufacture, possession or sale) of a prohibited device, without proof that the defendant participated in actual interception, disclosure, or use of an electronic communication. *See Directv v. Beecher*, --- F. Supp. 2d ---, 2003 WL 23094715, at *1 (S.D. Ind. Nov. 7, 2003).

Section 2512 is a criminal statute and by itself does not allow a private party to recover damages for behavior that violates its terms. To support its claim for civil remedies on both

Count II and Count III, Directv relies on 18 U.S.C. § 2520(a), which provides, in pertinent part, that

> [A]ny person whose . . . electronic communication is intercepted, disclosed, or intentionally, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

In their motion to dismiss Count III, defendants contend that § 2520(a) does not provide a private right of action for violations of § 2512. Defendants rely primarily on *Flowers v. Tandy Corp.*, 773 F.2d 585 (4th Cir. 1985). In *Flowers*, the Fourth Circuit held that § 2520(a) "expressly limits those against whom private action lies to the person who 'intercepts, discloses, or uses . . . such communication.'" *Id.* at 588. The court reasoned that a broad construction of § 2520(a) would support a civil action against those who violate § 2512 (manufacture, assembly, possession, or sale of a prohibited device) but who do not actually intercept electronic communications in violation of § 2511. *Id.* at 589. The court held that the plain language of the § 2520(a) did not support such an outcome and, thus, held that § 2520(a) does not provide a private cause of action for violations of § 2512. *Id.*

Directv argues that § 2520 provides a private cause of action for any "violation of this chapter," which includes § 2512. Directv seeks support for this view in *Oceanic Cablevision, Inc. v. M.D. Elec.*, 771 F. Supp. 1019 (D. Neb. 1991). In *Oceanic*, the court was faced with a 12(b)(6) challenge to two counts of a complaint against a distributor of cable descramblers: one premised on § 2511 and another premised on § 2512. In its analysis of the viability of the § 2511 count, the court concluded that the plaintiff had not stated a cognizable claim because the distributor was not alleged to have engaged in any of the activities listed in § 2520–interception,

3

disclosure, or use. *Id.* at 1027-28.

The *Oceanic* court questioned the continued vitality of *Flowers*, noting that it was decided at a time when § 2520 contained language that directly mirrored the activities listed in § 2511, including procurement of another to intercept, disclose, or use another's communication. *Id.* at 1027. Subsequent to the decision in *Flowers*, Congress amended § 2520 to eliminate any mention of civil liability based on procuring interception, disclosure, or use. The *Oceanic* court attempted to capture the different situations by stating, "Clearly, § 2520 only confers a private cause of action upon persons when the action is brought against parties that have violated the provisions of §§ 2510-2521." *Id.* The court ignored the fact that this statement is not accurate even in the limited context of § 2511 actions. The removal of the reference to procuring another person to intercept, disclose, or use another's communication from § 2520 was not accompanied by a removal of analogous language from § 2511; a person who procures another to perform the acts prohibited by § 2511 still faces criminal liability, even though the possibility of civil liability has clearly been eliminated. *Directv, Inc. v. Delaney*, No. 03 C 3444, at 6 (N.D. Ill. Nov. 20, 2003).

However, the *Oceanic* court, in its subsequent discussion of a private right of action under § 2512, took its preceding statement at face value. The court's examination is limited solely to the issue of whether the sale of cable descramblers, as opposed to some other device more directly associated with wiretapping, constituted a violation of § 2512. The court concluded that because a cable descrambler could be a device whose design "renders it primarily useful for the purpose of surreptitious interception of wire, oral, or electronic communications," there must be a private right of action under § 2520 for violations of § 2512. *Id.* at 1028-29. The

4

court reached this conclusion without any further analysis of whether such a sale was equivalent to an interception, disclosure, or intentional use of a communication in violation of the statute. *Delaney*, No. 03 C 3444, at 6-7.

Later courts have followed in *Oceanic*'s footsteps, relying on the erroneous statement in that opinion that a violation of any of the provisions of the Wiretap Act allow for the potential of civil recovery under § 2520. *See Directv v. EQ Stuff, Inc.*, 207 F. Supp 1077, 1084 (C.D. Cal. 2002); *Directv, Inc. v. Gatsiolis*, No. 03 C 3534, 2003 WL 22111097, at *4 (Sept. 10, 2003)(Coar, J.). This conclusion is contrary to the plain language of the statute. Section 2520(a) authorizes relief only for a person "whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." Thus, the private right of action attaches only after the fact of interception, disclosure or use in violation of the Wiretap Act. *Delaney*, No. 03 C 3444, at 7. After this initial act is complete, the aggrieved party may pursue civil remedies against the person who "engaged in that violation." As a matter of grammar and sentence structure, the phrase "that violation" must refer to the interception, disclosure, or intentional use of a communication in violation of this chapter referred to earlier in the sentence. *Directv v. Beecher*, --- F. Supp. 2d --- , 2003 WL 23094715 (S.D. Ind. Nov. 7. 2003). Section 2512 criminalizes only the production, sale, or possession of devices whose primary purpose is to perform the interception. These acts occur separate and apart from any actual interception, and persons who engage in them may not engage in violations cited in § 2520—interception, disclosure, or use prohibited by the Wiretap Act. *Delaney*, No. 03 C 3444, at 7-8. Thus, this court finds that § 2520 does not confer a private right of action for violations of § 2512.

## 2. Common-Law Conversion

Defendants also move to dismiss Count V, which purports to state a claim for common-law conversion of its property. To state a claim for conversion, Directv must allege that it has a right to the property, it has an absolute and unconditional right to the immediate possession of the property, it has made a demand for possession, and defendants have wrongfully and without authorization assumed control, dominion, or ownership over the property. *Cirrincione v. Johnson*, 184 Ill. 2d 109, 114, 703 N.E. 2d 67, 70 (Ill. 1998). Defendants argue that the property at issue in this case–"digitized video and audio signals"– are not a proper subject for a conversion claim. Defendants rely on a statement of the Illinois Supreme Court in *In re Thebus* that "an action for conversion lies only for personal property which is tangible, or at least represented by or connected with something tangible." 483 N.E. 2d 1258, 1260 (Ill. 1985). In a more recent case relating to alleged conversion of academic research, the Illinois Appellate Court reaffirmed the principle that "conversion lies only for personal property that is tangible or at least represented by something tangible." *Blut v. Northwestern University*, 296 Ill. App. 3d 42, 52, 692 N.E. 2d 1327, 1334 (Ill. App. 1st Dist. 1998).

However, in at least one case, an Illinois court has stated explicitly that "parties may recover for conversion of intangible assets." *Stathis v. Geldermann, Inc.*, 295 Ill. App. 3d 844, 856, 692 N.E. 2d 798, 807 (Ill. App. 1st Dist. 1998). The plaintiff in *Stathis* alleged that the defendant deprived him of his ownership and control of a corporation in a corporate merger/takeover transaction. *See id.* After the alleged conversion, the plaintiff was unable to control or benefit from the object of the conversion (the corporation) and the defendant had full control over the object of the conversion. In *Conant v. Karris*, the case from which *Stathis* drew

6

the principle that intangible property can be converted under Illinois law, the object of the alleged conversion was certain confidential information that the plaintiff obtained relating to a specific property. 165 Ill. App. 3d 783, 791-92, 520 N.E. 2d 757, 763 (Ill. App. 1st Dist. 1987). The plaintiff relied on this confidential information to offer a purchase price of $1,500,000 for the property, but the plaintiff's agent disclosed the confidential information to the agent's brother, who then purchased the property for $1,600,000. *Id.* at 791, 520 N.E. 2d at 762.

While both *Stathis* and *Conant* clearly demonstrate that intangible property may sometimes be the object of conversion under Illinois law, these cases are distinguishable on the facts from the instant case. In *Stathis* and *Conant*, the plaintiffs were deprived of the ability to benefit from the objects of the alleged conversions because the defendants had assumed full control over the objects. Here, however, Directv has not been deprived of the ability to benefit from its satellite signals, nor have the defendants assumed control, dominion, or ownership over those signals. Thus, the court holds that Directv has failed to state a claim for conversion under Illinois law.

## Conclusion

For the reasons stated above, the court grants the Motions to Dismiss Counts III and V, filed by defendants Calabrese and Crump (Motion Nos. 26 and 28).

ENTER:

_____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: January 23, 2004